THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
Gary Realty Company, Inc. and
 Garfield Traub Development, LLC, Appellants,
v.
Hilton Hotels Corporation, Paul
 C. "Bo" Aughtry, III, Windsor/Aughtry Co., Inc., and Vista Hotel
 Partners, LLC, Defendants,
Of Whom
Hilton Hotels Corporation is Respondent.
 
 
 

Appeal From Richland County
 George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-520
Heard September 13, 2011  Filed November 29, 2011   

AFFIRMED

 
 
 
Kenneth M. Suggs and Francis M. Hinson, IV, both of
 Columbia, for Appellants.
Elizabeth Campbell, Robert W. Foster, Jr., and Jay T.
 Thompson, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Gary
 Realty and Garfield Traub allege they had an oral contract of exclusivity with
 Hilton Hotels.  The circuit court found no such oral contract existed.[1] 
 We find no evidence sufficient to establish an oral contract and affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities:
As to
 whether the plaintiffs produced evidence that an oral contract existed: Roberts
 v. Gaskins, 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct. App. 1997) ("A
 contract is an obligation which arises from actual agreement of the parties
 manifested by words, oral or written, or by conduct."); Landbank Fund
 VII, LLC v. Dickerson, 369 S.C. 621, 628, 632 S.E.2d 882, 886-87 (Ct. App.
 2006) (stating the party alleging the oral contract "must prove by a
 preponderance of the evidence that there was a meeting of the minds as to all
 of the essential and material terms of the alleged agreement").  
As to
 the remaining issues, the statute of frauds and evidence of a fraudulent act
 for breach of contract accompanied by a fraudulent act: Futch v. McAllister
 Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)
 (recognizing an appellate court need not address remaining issues when
 resolution of another issue is dispositive).
AFFIRMED.
FEW, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] The circuit court also granted summary judgment on the plaintiffs' breach of
 contract cause of action based on a Memorandum of Understanding.  The plaintiffs
 abandoned this issue at oral argument.